EDWIN A. WILSON ET AL.

v.

JOHN H. SCHUCK.

MECHANIC'S LIEN—HUSBAND AND WIFE.—Where it appears that the wife was the owner of the land and had the evidence of her title on record, and the petition alleged a contract with the husband; that he was in possession

Wilson v. Schuck.

and exercising acts of ownership over the land, and that the wife was personally knowing to the work and labor bestowed and the making of the improvements thereon, the facts stated in the petition are insufficient. If it was intended to bind the wife by way of estoppel, the facts to be relied upon should have been alleged, and if it was intended to bind her by the acts of her husband as her agent, such agency should have been alleged.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed January 22, 1880.

Messrs. STEWART, EDWARDS & BROWN, for appellants.

Messrs. McCLERNAND & KEYES, for appellee; that if a person knowingly suffers another to expend money upon his land under an erroneous opinion as to the title, without making known his claim, he is estopped from afterwards asserting his title, cited Storrs v. Baker, 6 Johns. 166; Higgins v. Ferguson, 14 Ill. 269; 1 Story's Eq. § 385; Donaldson Co. v. Holmes, 23 Ill. 85; Schwartz v. Saunders, 46 Ill. 18.

PER CURIAM. This was a proceeding for mechanic's lien, brought by appellee against appellants, who are husband and wife. The petition alleges that, at the time of the making of the contract relied upon as the foundation for the lien, Edwin A. Wilson was in possession of, and exercising acts of ownership over the lots in question; that the contract for the materials was made with the said Edwin A. Wilson; that the petitioner is informed, and believes that Cynthia H. Wilson has, or claims to have, some estate or interest in said premises, and that she was personally knowing to the work and labor bestowed, and the lumber used in making the improvements thereon. These allegations do not bring the case within the terms of the statute which requires the contract to be made with the owner. The proof is that the wife was the owner of the land, and had the evidence of her title thereto upon record. If it was intended by the petition to bind her land by way of estoppel, the facts to be relied upon as an estoppel should have been alleged in the petition, or if it was intended to bind her

by the acts of her husband as her agent, the fact of such agency should have been alleged.

The decree is reversed and the cause remanded, with leave to amend the petition.

Reversed and remanded.